UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF NANA BARFI ADOMAKO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF FREMONT, et al., <br><br> Defendants. | Case No. 17-cv-06386-DMR <br><br> **ORDER DENYING MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT** <br><br> Re: Dkt. No. 85 |

This case arises out of the February 2017 shooting death of Nana Barfi Adomako by City of Fremont police officer James Taylor. Adomako's Estate ("the Estate"); Augustina Yeboah, who is Adomako's mother and successor in interest to the Estate; and Nana N. Dwomoh, Adomako's brother and administrator of the Estate, filed this civil rights action alleging constitutional violations pursuant to 42 U.S.C. § 1983 and related state law claims against the City of Fremont ("Fremont") and Taylor. On June 21, 2019, the court granted in part and denied in part Defendants' motion for summary judgment. The sole remaining claim for relief is the Estate's negligence claim against Taylor. [Docket No. 84.]

Plaintiffs now move for leave to file a second amended complaint that adds Yeboah as a plaintiff for the negligence claim. [Docket No. 85.] This motion is suitable for decision on the papers submitted. Civ. L.R. 7-1(b). For the following reasons, the motion is denied.

The court needs to reschedule the trial, and will conduct a case management conference for that purpose on the noticed hearing date, August 8, 2019 at 1:00 p.m. All further dates, including the pretrial and trial dates, are VACATED pending rescheduling at the CMC. Counsel may appear telephonically via CourtCall.

## I. BACKGROUND

The court discussed the factual background of this case in previous orders and incorporates those discussions here. [Docket Nos. 25, 42, 84.]

Plaintiffs filed the original complaint on November 1, 2017, alleging seven claims for relief against Defendants on behalf of themselves and the Estate: 1) 42 U.S.C. § 1983 claim for unreasonable search and seizure in violation of the Fourth Amendment, against Taylor and Does 1-8; 2) section 1983 claim for excessive force and denial of medical care in violation of the Fourth Amendment, against Taylor and Does 1-8; 3) section 1983 claim for violation of Plaintiffs' right to a familial relationship, based upon the Fourteenth Amendment, against Taylor and Does 1-8; 4) section 1983 municipal liability claim under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), against Fremont and Does 9-10; 5) false imprisonment/wrongful death, against all Defendants; 6) battery/wrongful death, against all Defendants; and 7) negligence/wrongful death, against all Defendants. [Docket No. 1 (Compl.).]

Defendants moved to dismiss the complaint. The court held a hearing on January 25, 2018. [*See* Docket No. 24.] On January 29, 2018, the court granted the motion to dismiss in part and denied it in part. *Estate of Adomako v. City of Fremont* ("*Adomako I*"), No. 17-CV-06386-DMR, 2018 WL 587146 (N.D. Cal. Jan. 29, 2018). In its order, the court discussed Plaintiffs' state law claims (claims five, six, and seven). Claims five through seven each appeared to be asserted by the Estate, Dwomoh, and Yeboah. At the hearing, Plaintiffs' counsel clarified that the fifth claim, labeled "false imprisonment—Cal. Govt. Code § 820—wrongful death," was a wrongful death claim brought by Yeboah and Dwomoh for the damages they personally suffered as a result of Adomako's death. He conceded that the claim could not be asserted by the Estate. *Id.* at *8; *see Quiroz v. Seventh Ave. Ctr.*, 140 Cal. App. 4th 1256, 1263 (2006) (a claim for wrongful death "is a new cause of action that arises on the death of the decedent and it is vested in the decedent's heirs."). As to the sixth and seventh claims for battery and negligence, "Plaintiffs' counsel clarified that these [were] survivorship claims for battery and negligence asserted *on behalf of the Estate only*." *Adomako I*, 2018 WL 587146, at *8 (emphasis added). They were not "'wrongful death' claims for damages suffered by Mr. Adomako's relatives." *Id.* The court

denied Defendants' motion to dismiss the battery claim and the negligence claim based on excessive force. It granted the Estate leave to amend the negligence claim to allege facts to support additional bases for negligence, including failure to provide medical care, negligent use of a police dog, and negligent handling of evidence and witnesses after the shooting. *Id*. at *9.[1]

On March 26, 2018, Plaintiffs filed the first amended complaint ("FAC"), which is the operative complaint. [Docket No. 32.] Consistent with Plaintiffs' counsel's representation to the court and the court's order, the FAC contains claims for battery and negligence on behalf of the Estate only. *Id*. at 17-20 (Claims 6 and 7). Defendants moved to dismiss Plaintiff's claim for municipal liability pursuant to *Monell*, and on May 16, 2018, the court dismissed that claim with prejudice. *Estate of Adomako v. City of Fremont*, No. 17-CV-06386-DMR, 2018 WL 2234179, at *4 (N.D. Cal. May 16, 2018).

Defendants subsequently moved for summary judgment. On June 21, 2019, following a hearing and supplemental briefing regarding the Estate's negligence claim, the court granted the motion in part and denied it in part. *Estate of Adomako v. City of Fremont* ("*Adomako III*"), No. 17-CV-06386-DMR, 2019 WL 2568835 (N.D. Cal. June 21, 2019). In its order, the court noted that Plaintiffs had failed to address, and thus conceded all of their remaining claims except for the section 1983 claim for excessive force and the Estate's claim for negligence. *Id*. at *5. The court granted summary judgment on the excessive force claim. It denied summary judgment on the negligence claim, finding that a reasonable juror could consider the K-9's effect on the circumstances that led to the shooting and conclude that Taylor acted negligently. *Id*. at *9-13. Following the summary judgment order, the sole remaining claim for relief is the Estate's negligence claim against Taylor.

---

[1] The court also dismissed with prejudice the section 1983 claims based on Adomako's detention, the use of excessive force, and the failure to provide medical treatment to the extent they were brought by any plaintiff other than the Estate. *Adomako I*, 2018 WL 587146, at *3 (citing *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998) ("only the person whose Fourth Amendment rights were violated can sue to vindicate those rights")). In addition, the court dismissed the Estate's section 1983 claim for denial of medical care; dismissed with prejudice the Estate's section 1983 claim for violation of Plaintiffs' Fourteenth Amendment right to a familial relationship; and dismissed Plaintiffs' *Monell* claim. *Id*. at *5-6, *8.

3

1   On June 28, 2019, Plaintiffs moved pursuant to Federal Rule of Civil Procedure 15(a) for leave to file a second amended complaint that adds Yeboah as a plaintiff to the negligence claim for relief. Defendants oppose the motion.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), leave to amend should be granted as a matter of course, at least until the defendant files a responsive pleading. Fed. R. Civ. P. 15(a)(1). After that point, Rule 15(a) provides generally that leave to amend the pleadings before trial should be given "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In the absence of an "apparent" reason, such as undue delay, bad faith or dilatory motive, prejudice to the opposing party, futility of the amendments, or repeated failure to cure deficiencies in the complaint by prior amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lockheed Martin Corp. v. Network Sols., Inc*., 194 F.3d 980, 986 (9th Cir. 1999). These factors do not "merit equal weight," and "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. "Granting leave to amend does not necessarily mean that the underlying allegations ultimately have merit." *FlatWorld Interactives LLC v. Apple Inc*., 12-CV-01956-WHO, 2013 WL 6406437, at *3 (N.D. Cal. Dec. 6, 2013). "Rather, '[a]bsent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend.'" *Id*. (quoting *Eminence Capital*, 316 F.3d at 1052).

## III. DISCUSSION

Plaintiffs move for leave to amend the complaint to add Yeboah as a plaintiff to the negligence claim. According to Plaintiffs, the failure to bring a negligence claim on behalf of Yeboah was the result of an inadvertent error. They assert that amending the complaint will not unduly prejudice Defendants, who have been on notice of the facts alleged in the proposed second amended complaint since November 2017 and have already deposed Yeboah.

Plaintiffs' counsel submitted a declaration in which he explains the purported error:

4

following the January 25, 2018 hearing on Defendants' motion to dismiss the complaint, he "prepared the First Amended Complaint to fix certain defects," and "[i]n an effort to remove the brother [Dwomoh] as an individual party, [he] inadvertently also removed Ms. Augustina Yeboah as [a party to] the Negligence Cause of Action." [Docket No. 85-2 (Hicks Decl., June 28, 2019) ¶ 4.] He states that he never intended to remove her as a party and that it was his "intent to include Ms. Yeboah and the Estate of Nana Barfi Adomako as parties to the Negligence Cause of Action." *Id*. at ¶ 5. According to counsel, he did not learn of his mistake until a June 10, 2019 settlement conference. *Id*. at ¶ 8.

Counsel's statements in his declaration are directly contrary to his representations to the court at the January 25, 2018 hearing. At that hearing, the court pointed out that the complaint labeled the claims as "battery—[Cal. Govt. Code § 820]—wrongful death" and "negligence—[Cal. Govt. Code § 820]—wrongful death," and asked counsel whether the battery and negligence claims were in fact wrongful death claims for the injuries sustained by Adomako's relatives. *Counsel responded that both the battery and negligence claims were survivorship claims brought only on behalf of the Estate for injuries sustained by Adomako*. Jan. 25, 2018 Hr'g 12:07:54-12:08:45. Plaintiffs' counsel never expressed a desire to maintain a negligence claim on behalf of Yeboah. As noted above, the court's order reflects Plaintiffs' counsel's representation. *See Adomako I*, 2018 WL 587146, at *8. Accordingly, any negligence claim on behalf of Yeboah was expressly waived at the January 25, 2018 hearing. The motion to file a second amended complaint to allege such a claim is denied.

## IV.     CONCLUSION

For the foregoing reasons, the motion for leave to file a second amended complaint is denied. The parties are granted leave to appear by telephone via CourtCall for the CMC to be held on August 8, 2019 at 1:00 p.m. to discuss a new trial schedule.

**IT IS SO ORDERED.**

Dated: August 2, 2019

Donna M. Ryu
United States Magistrate Judge

5